IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AXIALL CORPORATION**, | ) CIVIL ACTION NO. 15-250 |
| Plaintiff, | ) |
| v. | ) |
| **DESCOTE S.A.S. and AMERICAN RAILCAR INDUSTRIES, INC** | ) |
| Defendants. | ) |

## OPINION

Defendant American Railcar Industries Inc. ("American Railcar") filed a partial motion for summary judgment (ECF No. 47) seeking judgment in its favor with respect to claims for consequential, indirect, exemplary, and punitive damages, and any request for costs and interest asserted by plaintiff Axiall Corporation ("Axiall"). (Id. at 7.) The court on June 22, 2016, held a hearing with respect to American Railcar's partial motion for summary judgment and the related filings made by American Railcar and Axiall. The court for reasons stated on the record at the hearing and summarized in this opinion determined the partial motion for summary judgment will be granted in part and denied in part.

American Railcar entered into a contract with Axiall, pursuant to which American Railcar sold tank cars to Axiall. (Concise Combined Statement of Facts ("CCSF") (ECF No. 60) ¶ 14.) American Railcar argues that Axiall agreed to limit its remedies pursuant to that contract to repair or replacement of tank cars that were found to be in breach of the warranty provided for in the contract, and, therefore, Axiall—as a matter of law—is not entitled to damages other than

repair or replacement costs. Axiall argues, however, that the limited remedy provided for in the contract failed of its essential purpose, and, therefore, it may recover all remedies provided for in the Delaware Uniform Commercial Code ("Delaware UCC"), 6 DEL. CODE § 1-101 et seq.

The partial motion for summary judgment will be denied in part because there are material disputes of fact with respect to whether the limited remedy provided for in the contract entered into between American Railcar and Axiall failed of its essential purpose. As the court explained on the record at the hearing held on June 22, 2016, determining whether the limited remedy failed of its essential purpose requires an analysis about whether the contract was breached in the first instance. The parties did not fully brief or set forth evidence about whether American Railcar breached the contract in the first instance and the nature of breach, if any. Material issues of fact are implicated with respect to those matters. The court cannot, therefore, enter judgment as a matter of law in American Railcar's favor and dismiss Axiall's claims for consequential, indirect, exemplary, and punitive damages, and any request for costs and interest.

American Railcar also argues that regardless whether the limited remedy provided for in the contract failed of its essential purpose, Axiall in the contract agreed that American Railcar "[u]nder no circumstances" would be liable for "incidental, punitive, or consequential damages." (American Railcar Ex. 6 (ECF No. 49-1) at 59 ¶ 4.) Axiall argues, however, that under the Delaware UCC a party is entitled to recover all remedies provided for in the code—including consequential damages—when an agreed upon remedy fails of its essential purpose.

The partial motion for summary judgment will be granted in part because the undisputed evidence of record shows that American Railcar and Axaill agreed that American Railcar "[u]nder no circumstances" would be liable for "incidental, punitive, or consequential damages." (American Railcar Ex. 6 (ECF No. 49-1) at 59 ¶ 4.) As the court explained on the record at the

hearing held on June 22, 2016, the court predicts that the Delaware Supreme Court[1]—if faced with the issue—would conclude that under the Delaware UCC, a contractual provision barring a party's recovery of consequential damages should be independently interpreted and applied from the Delaware UCC provision permitting a party to recover all remedies provided for in the code when a limited remedy fails of its essential purpose. Chatlos Sys., Inc. v. Nat'l Cash Register Corp., 635 F.2d 1081, 1086 (3d Cir. 1980) (predicting—based upon a provision of the New Jersey UCC that is nearly identical to the pertinent provision of Delaware's UCC—that the New Jersey Supreme Court would likely adopt the position that while a remedy's failure of its essential purpose opens the door to other types of damages, a consequential damages limitation or exclusion remains valid barring unconscionability); Concord Plaza Assoc. v. Honeywell, Inc., Civ. Action No. 84-128, 1986 WL 9922, at *7 (Del. Super. 1986) (recognizing that there is "'no reason to hold, as a general proposition, that the failure of the limited remedy provided in the contract, without more, invalidates a wholly distinct term in the agreement excluding consequential damages'") (quoting Chatlos, 635 F.3d at 1086)); JAMES J. WHITE, ROBERT SUMMERS, ROBERT A. HILLMAN, UNIFORM COMMERCIAL CODE, § 13:22 (6th ed. 2015) (commenting that decisions holding section 2-719(2) and section 2-719(3) should be independently interpreted "are most true to the Code's general notion that the parties should be

---

[1] A federal court sitting in diversity normally applies the choice-of-law rules applicable in the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487, 496–97 (1941). The contract in this case provided that "[t]he Agreement will be interpreted pursuant to the laws of the State of Delaware." (CCSF (ECF No. 60) ¶ 27.) Contractual provisions of this kind are generally enforceable under Pennsylvania law. Kruzits v. Okuma Machine Tool, Inc., 40 F.3d 52, 55–56 (3d Cir. 1994). This court, therefore, will apply Delaware substantive law to the issues raised by the parties with respect to the contract. Id. (citing Smith v. Commonwealth Nat'l Bank, 557 a.2d 775, 777 (Pa. Super. Ct. 1989).

free to contract as they please" because "[t]he text of the Code disfavors' judges' and juries' rewriting contracts that allocate risks between the parties."), but see Delmarva Power & Light Co. v. ABB Power T&D Co., Civ. Action No. 02-75, 2002 WL 840564, at *4 (Del. Super. 2002) (holding "[i]f it can be shown that the exclusive remedy failed in its essential purpose, then the buyer may disregard the exclusive remedy provision, and pursue other remedies, such as consequential damages"); Caudill Seed and Warehouse Co., Inc. v. Prophet 21, Inc., 123 F.Supp.2d 826 (E.D. Pa. 2000)).

American Railcar, however, is not entitled to judgment as a matter of law with respect to Axiall's request for consequential damages. Pursuant to the Delaware UCC, the agreed upon provision that precludes Axiall from recovering consequential damages is enforceable so long as it is not unconscionable. 6 DEL. CODE § 2-719(3). The parties did not fully brief or set forth evidence with respect to the conscionability of the provision in the contract precluding Axiall under any circumstances from recovering consequential damages. The court cannot, therefore, enter judgment as a matter of law with respect to that issue.

For the foregoing reasons—and as set forth more fully on the record at the hearing held on June 22, 2016—American Railcar's partial motion for summary judgment (ECF No. 47) will be granted in part and denied. An appropriate order will be entered.

By the court,

Dated: June 28, 2016

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge