IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| AXIALL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | 2:15-CV-00250-LPL |
| | ) | |
| vs. | ) | ECF NOS. 152, 154, 158, 164 AND 168 |
| | ) | |
| DESCOTE S.A.S., AND; AND | ) | |
| AMERICAN RAILCAR INDUSTRIES, | ) | |
| INC., | ) | |
| | | |
| Defendants, | | |

**MEMORANDUM ORDER REGARDING REPORT AND
RECOMMENDATION ON MOTIONS IN LIMINE**

Pursuant to Rule 53 of the Federal Rules of Civil Procedure, Mary-Jo Rebelo was appointed Special Master on August 3, 2017.[1] The appointment was for the purpose of deciding the 17 Motions in Limine filed in this matter. Because the parties subsequently filed motions for summary judgment which implicated many of the motions in limine, it was determined that the Special Master would only consider five motions at this time[2] and defer the remainder until after the summary judgment motions were decided by the Court. The five motions considered were ECF Nos. 152, 154, 158, 164 and 168.

The Special Master filed her Report and Recommendation on October 27, 2017 (ECF No. 298). The following recommendations were made:

- Grant in part and Deny in part Axiall's Motion in Limine to Preclude Arguments and Evidence Contrary to the Trial Court's Order and Memorandum Opinion dated June 16, 2017.

---

[1] Chief Judge Conti's Order is dated August 3, 2017 but was docketed on August 4, 2017 at ECF No. 196.
[2] According to fn.1 of the Report and Recommendation, the parties agreed to withdraw the Motions in Limine filed at ECF Nos. 156 and 174.

- Deny Axiall's Motion in Limine to Preclude Defendant descote S.A.S.'s Argument that Compliance with the Recommendations and/or Guidelines of the Association of American Railroads and/or the Chlorine Institute, Inc. is a Defense to Plaintiff's Claims.

- Deny Axiall's Motion in Limine to Preclude the Admissibility of the Written Warranty Between descote S.A.S. and FC Tech, LLC.

- Grant in part and Deny in part descote's Motion in Limine to Preclude Argument that descote Owes Punitive Damages to Axiall.

- Grant in part and Deny in part descote's Motion in Limine to Exclude Evidence or Argument that the Association of American Railroads Improperly Approved descote's Manual Dual Angle Valve.

Axiall filed Objections only as to the Recommendation on ECF No. 152. The Objections argue that the Special Master erred in allowing descote to offer factual evidence as to whether Axiall utilized a management of change process. ECF No. 317. No other objections were filed by either Axiall or descote. descote responded to Axiall's Objections on November 29, 2017. ECF No. 330. Descote argues in response that the prior opinion of the Court did not bar factual evidence of management of change, only expert testimony. It admits that Norval is not entitled to offer an opinion as to whether Axiall should have implemented management of change procedures. However, it does not preclude factual testimony as to what Axiall actually did or did not do.

The Court has considered the Special Master's Report and Recommendation, Axiall's objections and descote's response. The Court has also reviewed the transcript of the argument on the Motions held on October 13, 2017. Given the extensive briefing, the existence of a transcript of the oral argument and the objections and response, the Court does not think it is necessary to have yet another hearing on these motions and will rule on the record before it, following a de

novo review. For the following reasons, the Court will adopt the Special Master's Report and Recommendation as the opinion of the Court with one clarification[3], as set forth below.

## ANALYSIS

**1. Management of Change**

Judge Conti's Order dated June 16, 2017 held that expert witness Graeme Norval may not testify that Axiall should have implemented a management of change[4] process because that testimony is not relevant to the issue of whether descote knew or had reason to know that Axiall was relying on its skill and judgment in selecting suitable valves. The reasoning behind this ruling was that, whether Axial should have implemented a management of change process, is irrelevant to the issue outlined above, and irrelevant to the requirements of proving breach of an implied warranty for a particular purpose. The Court does not see any indication in Judge Conti's Order that factual evidence of whether Axiall should have, did, or did not, implement a management of change process is relevant to the issue of breach of the implied warranty of fitness for a particular purpose. To quote Judge Conti's Order, "Norval's testimony about what Axiall *should have* done, however, has no bearing on whether descote knew or had reason to know Axiall was relying on descote's skill and judgment." ECF No. 141 p.7. Simply removing the word "Norval" from the above statement, leads to the conclusion that any testimony as to this issue is irrelevant. However, Judge Conti ruled that Norval may testify as to how the

---

[3] The Court believes that its ruling is consistent with the Recommendation made; however, wants to ensure that there is clarity on the issue.
[4] Management of change is a "process for evaluating and controlling modifications to facility design, operation, organization, or activities – *prior to implementation*- to make certain that no new hazards are introduced and that the risk of existing hazards to employees, the public, or the environment is not knowingly increased." ECF No. 141 at 3, quoting ECF No. 86-1 at 4.

3

implementation of a management of change process could have mitigated damages. This implicates factual testimony as to what was done in this regard.

The Special Master's recommendation was that Norval's expert testimony as to management of change was precluded. However, descote should be allowed to introduce factual evidence as to (i) what descote knew or had reason to know regarding Axiall's reliance on it; (ii) what Axiall did or did not do with descote's valves prior to the purchase in question, including but not limited to Axiall's evaluation, test or use of the valves at Beauharnois, and (iii) questions of causation or proximate cause."

Axiall argues that this factual testimony should not include management of change. Judge Conti found that there was a lack of fit between the testimony that Axiall should have used a management of change process and the issue for the fact finder to determine- what descote had reason to know relative to Axiall's reliance on its skill and judgment. Whether the testimony comes from an expert or otherwise, the same lack of fit remains. To that extent, the Court agrees with Axiall. However, there is nothing to preclude descote from asking "did you employ a management of change process?" Or to enter testimony that it did not do so. This question goes to the portion of Norval's testimony that Judge Conti allowed. That is "the background of the chlorine industry and how the implementation of a management of change process could have mitigated the extent of damages sustained by plaintiff Axiall." ECF No. 141 at 7, quoting ECF No. 135 at 2. descote may ask this yes or no question, or present other evidence as to whether Axiall did or did not do so. It may not, however, ask "why not?", or enter evidence that Axial *should have* done so.

## 2. AAR/Chlorine Industry Guidelines

No objections were received as to this Recommendation. The Court agrees with the Special Master's analysis of this issue and adopts her ruling as the opinion of this Court.

## 3. Written Warranty Between descote and FC Tech

No objections were received as to this Recommendation. One issue is the fact that there is a summary judgment motion pending that asks the Court to dismiss Axiall's cause of action for misrepresentation as a matter of law. If the Court grants this motion then, pursuant to the recommendation of the Special Master, the written warranty will be irrelevant as to that claim. Because she found that the written warranty was relevant to the misrepresentation claim, the Special Master declined to address whether the written warranty was relevant to Axiall's warranty claims against descote. The same summary judgment motion also asks this Court to dismiss Axiall's warranty claims against descote as a matter of law. The relevance of the written warranty to Axiall's warranty claims against descote is dependent on the Court's ruling on the pending summary judgment motion, and therefore, the written warranty's relevance to those claims cannot be determined at this time. With these caveats, the Court agrees with the Special Master's analysis of this issue and adopts her ruling as the opinion of this Court.

## 4. Punitive Damages

No objections were received as to this Recommendation. Similar to the motion above, one issue is the fact that there is a summary judgment motion pending that asks the Court to dismiss Axiall's cause of action for misrepresentation as a matter of law. If the Court grants this motion then, pursuant to the recommendation of the Special Master, punitive damages will be precluded. With that caveat, the Court agrees with the Special Master's analysis of this issue and adopts her ruling as the opinion of this Court.

5. **AAR Approval**

No objections were received as to this Recommendation. The Court agrees with the Special Master's analysis of this issue and adopts her ruling as the opinion of this Court.

## **CONCLUSION AND ORDER**

Accordingly, the Court hereby adopts the Report and Recommendations of the Special Master, ECF No. 298, as the opinion of the Court, with the clarification that descote *may not* offer evidence that Axiall should have implemented a management of change process or that it is industry standard to do so. It *may* offer evidence that Axiall did not implement such a process, as that is relevant to mitigation of damages, to which Axiall may appropriately respond. The Court rules on the pending motions as follows:

- The Court **GRANTS** in part and **DENIES** in part Axiall's Motion in Limine to Preclude Arguments and Evidence Contrary to the Trial Court's Order and Memorandum Opinion dated June 16, 2017, as set forth above, ECF No. 152;

- The Court **DENIES** Axiall's Motion in Limine to Preclude Defendant descote S.A.S.'s Argument that Compliance with the Recommendations and/or Guidelines of the Association of American Railroads and/or the Chlorine Institute, Inc. is a Defense to Plaintiff's Claims[5], ECF No. 154;

- The Court **DENIES** Axiall's Motion in Limine to Preclude the Admissibility of the Written Warranty Between descote S.A.S. and FC Tech, LLC, ECF No. 158; however, Axiall may renew this motion in limine if necessary after the Court rules on the summary judgment motion pending at ECF No. 272;

---

[5] The Court further agrees with the recommendation of the Special Master that the parties may submit a proposed limiting jury instruction regarding this testimony, indicating the purpose for which the jury may consider the testimony.

6

- The Court **GRANTS** in part and **DENIES** in part descote's Motion in Limine to Preclude Argument that descote Owes Punitive Damages to Axiall, ECF No. 164; The Motion is **GRANTED** as it relates to Axiall's misrepresentation claim without prejudice to allow Axiall the opportunity to attempt to establish a factual basis at trial to support a punitive damages award and **DENIED** as moot as it relates to Axiall's warranty claims;

- The Court **GRANTS** in part and **DENIES** in part descote's Motion in Limine to Exclude Evidence or Argument that the Association of American Railroads Improperly Approved descote's Manual Dual Angle Valve, ECF No. 168; the Motion is **GRANTED** to the extent it seeks to preclude Mr. Sharma from testifying about (i) whether any of the regulations or standards established by the entities in question were satisfied or violated by descote in this case; and (ii) what the AAR would or should have done regarding the descote manual dual angle valve under different factual circumstances; and **DENIED** as moot as it relates to the issue of alleged "improper" conduct on the part of the AAR;

- the Motions in Limine at ECF Nos. 156 and 174 are **DISMISSED** as having been withdrawn by the parties.

SO ORDERED, this 1st day of December, 2017.

BY THE COURT:

LISA PUPO LENIHAN
United States Magistrate Judge